UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE INSURANCE
COMPANY OF AMERICA,
    Plaintiff,

v.    Case No. 8:18-cv-384-T-24 AEP

JOHN L. CAMFIELD, ET AL.,
    Defendants.
_____/

## ORDER

This cause comes before the Court on its own. A hearing in this case was held on September 19, 2018. At the hearing, the Court addressed some procedural issues affecting this case.

**I. Responding to the Complaint**

At the hearing, the Court discussed that Allan Robertson and his wife, Robin Robertson, filed a *pro se* answer in response to the complaint. (Doc. No. 18). However, the answer is only signed by Allan Robertson. There are five defendants purportedly represented by Allan and Robin Robertson: (1) A.R. individually, (2) R.R. individually, (3) A.R. as parent of J.R.1 (the daughter), (4) R.R. as parent of J.R.1 (the daughter), and (5) Allan Robertson as the Personal Representative of the Estate of Jahiem Robertson. Yet, the answer as filed can only apply to A.R. individually.

This means that R.R. (Robin Robertson) must file her own answer and actually sign it (she can simply copy her husband's answer). She may do that *pro se* and represent herself. However, neither parent can appear *pro se* on behalf of their daughter, nor may Allan Robertson appear *pro se* on behalf of the estate. See Franklin v. Garden State Life Ins., 462 Fed. Appx. 928,

930 (11th Cir. 2012)(stating that the right to appear *pro se* does not apply to a person representing the interests of others); Estate of Robbins v. Runyon, 2016 WL 10540935, at *2 (M.D. Fla. Jan 14, 2016)(stating that a non-lawyer cannot appear on behalf of an estate); Waters v. Florida, 2014 WL 1328923, at *3 (M.D. Fla. April 2, 2014)(finding that the parent could not bring a *pro se* lawsuit on behalf of her son).  As such, the Court will give the Robertsons until October 19, 2018 to hire an attorney and file responses to the complaint on behalf of (1) R.R. individually, (2) A.R. as parent of J.R.1 (the daughter), (3) R.R. as parent of J.R.1 (the daughter), and (4) Allan Robertson as the Personal Representative of the Estate of Jahiem Robertson.  Alternatively, Robin Robertson may file a *pro se* response to the complaint on behalf of herself, individually, by October 19, 2018.

**II.  Motions for Default Judgment**

Additionally, the Court discussed the procedural posture of this case and that at least two defendants (Olivia Oliver and Allan Robertson) are litigating the merits of this case.  As such, the Court will terminate the pending motions for default judgment, which Plaintiff may re-file within 14 days after the Court resolves the merits of this case.

**III.  Docket Sheet and Docket Entries**

Plaintiff brought two scrivener's errors to the Court's attention for the entries of default at Doc. Nos. 62 and 63.  The Clerk will correct these errors.  The Court will also have the Clerk add Allan Robertson's email address and phone number to the docket sheet.

**IV.  Olivia Oliver**

Olivia Oliver is represented by counsel, yet counsel failed to appear at the hearing.  When the Court sets a hearing, the Court expects counsel to appear.  In the future, Oliver's counsel is

directed to appear at all hearings set by the Court in this case.

**V. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) The following four defendants—(1) R.R. individually, (2) A.R. as parent of J.R.1 (the daughter), (3) R.R. as parent of J.R.1 (the daughter), and (4) Allan Robertson as the Personal Representative of the Estate of Jahiem Robertson—are directed to file a response to the complaint by ***October 19, 2018***, or the Court will entertain a motion for Clerk's entry of default.

(2) The Court terminates the pending motions for default judgment (Doc. Nos. 66–71). Plaintiff may re-file these motions within 14 days after the Court resolves the merits of this case.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of September, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record