UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.                                                  Case No. 8:18-cv-384-T-24 AEP

JOHN L. CAMFIELD, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on the Robertson Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1] (Doc. No. 77). Plaintiff opposes the motion. (Doc. No. 80). As explained below, the motion is denied.

This is a lawsuit by Plaintiff Nationwide Insurance Company of America ("Nationwide") for a declaratory judgment that there is no insurance coverage for a car accident caused by Defendant John Camfield that injured five people (including J.R.1) and killed one person (Jahiem Zion Marly Robertson). Nationwide's insurance policy provides bodily injury coverage of $100,000 per person and $300,000 per occurrence.

The Robertson Defendants move for dismissal, arguing that the Court lacks diversity subject matter jurisdiction over this case. Specifically, they argue that the amount in controversy does not exceed $75,000, because Nationwide is seeking a declaratory judgment of no coverage.

---

[1] The motion is filed by three defendants: (1) Allan Robertson as Personal Representative of the Estate of Jahiem Zion Marly Robertson, (2) A.R. as parent of J.R.1 (the daughter), and (3) R.R. as parent of J.R.1. They are collectively referred to as "the Robertson Defendants."

Therefore, the Robertson Defendants contend that the amount in controversy is zero.

Nationwide responds that the amount in controversy exceeds $75,000, because the amount of its potential liability is the amount in controversy. See First Mercury Ins. Co. v. Excellent Computing Distributors, Inc., 648 Fed. Appx. 861, 865 (11th Cir. 2016)(stating that "when an insurer seeks a judgment declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of *potential* liability under its policy"). The Court agrees with Nationwide that the amount in controversy exceeds $75,000, because Nationwide faces potential liability of $300,000 for bodily injury damages if the Court determines that its policy does provide coverage for the car accident.

The Robertson Defendants do not dispute that there is diversity of citizenship between the parties. Therefore, this Court has diversity subject matter jurisdiction over this case.

Accordingly, it is ORDERED AND ADJUDGED that the Robertson Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 77) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of November, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record